IN THE MATTER OF ROSS E. BROWN,
AN ATTORNEY AT LAW.

Argued April 22 and November 24, 1970—Decided January 25, 1971.

*Mr. John I. Dawes* argued the cause for the Monmouth County Ethics Committee.

*Mr. William P. Kirkpatrick* argued the cause for respondent.

PER CURIAM. The Monmouth County Ethics Committee received several complaints from clients of respondent concerning their inability to obtain payment of moneys held by him that belonged to them or were to be paid to others for their account. At a hearing on some of these complaints respondent was directed to produce his trust account records. The only record he could produce was the checkbook. Quick examination disclosed that it was virtually no record at all from which the source of receipts, the propriety of disbursements or the ownership of the balance could be ascer-

tained. See *In re Banner*, 31 *N. J.* 24 (1959). From statements made by respondent at the hearing, it appeared that he had from time to time withdrawn funds therefrom for his personal use beyond amounts to which he had been entitled as fees, but no figures were available concerning how much or whose money had been so misused. Seemingly there had been a continuous process of using subsequently received trust moneys of others to satisfy earlier clients who had not been paid by reason of the personal withdrawals and a consequent continual shortage of then indeterminable amount.

The Committee very properly called the situation to our attention at once and, in order to assure the balance in the account for those to whom it rightfully belonged, we issued an order forbidding withdrawals from the trust account without the Committee's countersignature, pending the untangling of the maze and the filing of formal presentments by the Committee.

Three presentments were subsequently filed finding respondent guilty in specific instances of conversion of trust moneys to his own use and to the use of others to whom they did not belong, as well as with failure to maintain proper books and records. At the oral argument of the order to show cause issued thereon, respondent admitted his guilt. He represented that restitution and proper payment had been made of most of the shortage and that the remainder would soon be satisfied. We thereupon suspended him from practice (April 28, 1970) and deferred the matter of punishment, asking the Committee meanwhile to continue supervision of the restitution and to report further to us.

The Committee has commendably carried out this onerous task and recently reported that, to the best of its knowledge, restitution has been made in full and all amounts owed clients and others have been paid. A further argument has since been had as to the quantum of punishment, at which matters in mitigation were presented.

Respondent's derelictions are, of course, serious and require the imposition of discipline. After giving full consideration to the fact of restitution and other factors offered in mitigation, we conclude that respondent should be suspended from the practice of law for a period of one year from April 28, 1970 and until the further order of the court.

It is so ordered.

*For suspension of one year*—Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—6.

*Opposed*—None.